UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Roosevelt Baccus, *a/k/a John Baccus*, | ) C/A No. 9:15-2670-DCN-BM |
| | ) |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Bryan P. Stirling, D. Eastridge, Others, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Plaintiff, John Roosevelt Baccus, a/k/a John Baccus, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Lee Correctional Institution (LCI), part of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction



does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th

Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 679-679 (2009) [outlining pleading

requirements under the Federal Rules of Civil Procedure].

## Discussion

In his rambling Complaint,[1] Plaintiff appears to complain about his custody

classification; alleges he was discriminated against because he is African-American; and claims he

was denied full and equal enjoyment and accommodation of his place of incarceration, due process,

and access to the courts. He also appears to allege claims concerning his criminal cases (for which

he is currently imprisoned) including false arrest, false imprisonment, withholding of exculpatory

evidence, and inadequate representation. Additionally, Plaintiff makes statements concerning his

detention from 1999 to 2003 at the Marion County Detention Center. Plaintiff requests monetary

damages ("$000,000,000,000") and unspecified injunctive relief. Complaint, ECF No. 1 at 21. He

also seeks "revocation of deferred conviction and sentences commitment orders immediately." ECF

No. 1-1 at 15.

Plaintiff's claims fail to allege sufficient facts to state a constitutional or other federal

claim, as his allegations are so generally incomprehensible and filled with what could only be

considered by a reasonable person as unconnected, conclusory, and unsupported comments or

"gibberish," that it is unclear what is to be made of them. See Hagans v. Lavine, 415 U.S. 528, 536-

---

[1]In addition to his original complaint form (ECF No. 1), Plaintiff also submitted a partially
completed 28 U.S.C. § 2254 petition form (ECF No. 1-1), memoranda (ECF Nos. 1-2, 1-3), and
exhibits (ECF No. 1-4). On November 17, 2015, Plaintiff submitted another complaint form and
another partially completed § 2254 petition form (ECF No. 1-7). All of these documents have been
considered in preparing this report and recommendation.

2

537 (1974) [Noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]; see also Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2nd Cir. 1998); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[Affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face]. Plaintiff generally fails to include sufficiently clear factual allegations against any named Defendant of any personal responsibility or personal wrongdoing in connection with the alleged violations of any of Plaintiff's constitutionally protected rights.  Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "a short and plain statement" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"].

In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10–3053–CMC–JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan. 5, 2011), adopted by, 2011 WL 601259 (D.S.C. Feb. 11, 2011); Whaley v. Hatcher, No. 1:08CV125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Additionally, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).  In the absence of substantive allegations of wrongdoing against a

3

defendant, there is nothing from which the court can liberally construe a viable cause of action arising from a complaint, and it is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for prisoners or pro se litigants. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d at 1151.

Plaintiff, a frequent filer of litigation in this Court, is serving concurrent sentences of life imprisonment without parole after being convicted of murder and burglary at a jury trial in Marion County General Sessions Court in May 2003. See ECF No. 1-2 at 18-19; Marion County Twelfth Judicial Circuit Public Index, http://publicindex.sccourts.org/Marion/PublicIndex/Case Details.aspx?County=33&CourtAgency=33001&Casenum=F466007&CaseType=C; http://publicindex.sccourts.org/Marion/PublicIndex/CaseDetails.aspx?County=33&CourtAgency =33001&Casenum=F466008&CaseType=C.[2]  While Plaintiff appears to be asserting claims concerning his arrest, trial, and convictions, he fails to state a claim on which relief may be granted because release from prison is not available in a civil rights action. See Heck v. Humphrey, 512 U.S. 477, 481(1994)[stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]; Preiser v. Rodriguez, 411 U.S. 475, 487–88 (1973)[attacking the length of duration of confinement is within the core of habeas

---

[2]The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



4

corpus]. Additionally, to the extent that Plaintiff is seeking monetary damages, his claims are barred by Heck, as any such claims would implicitly question the validity of his convictions and Plaintiff has not demonstrated that his convictions have been previously invalidated. Heck, 512 U.S. at 486-487.

To the extent Plaintiff is attempting to collaterally attack his sentences, Plaintiff's exclusive federal remedy to obtain release from custody is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254, after full exhaustion of his state remedies. See Heck, 512 U.S. at 481. Even so, the undersigned notes that Plaintiff has previously filed § 2254 petitions attacking his convictions for murder and burglary, with summary judgment being granted to respondent as to his first petition, see Baccus v. Burt, No. 0:06-1912-DCN-BM, 2007 WL 1468700 (D.S.C. May 16, 2007), with summary dismissals being entered on his two successive petitions, see Baccus v. State of South Carolina, 9:13-3133 (D.S.C);[3] Baccus v. Cartledge, No. 9:11-1754-DCN, 2011 WL 3794232 (D.S.C. Aug. 24, 2011). Before Plaintiff can file another petition for a writ of habeas corpus in this court, he must seek and obtain leave to do so (i.e., written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ["[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."] (citing 28 U.S.C. § 2244(b)(3)).

---

[3]A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



With respect to Plaintiff's complaints about"discrimination", although racial discrimination claims are actionable under § 1983, Henry v. Van Cleve, 469 F.2d 687 (5th Cir. 1972), merely conclusory allegations of discrimination or discriminatory conduct are insufficient to state a claim. See Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974)["[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated."].

To the extent Plaintiff may be attempting to dispute his custody classification, prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)[no constitutional right under the Due Process Clause to a particular security classification or prison placement]. In Sandin v. Conner,, 515 U.S. 472, (1995), the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 483. In Sandin, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485. Under the analysis set forth in Sandin, Plaintiff cannot show that he has a protected liberty interest in his security or custody classification. See id. at 483-85; see also Backey v. South Carolina Dep't. of Corrs., 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996)[allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights]; Joseph v. Gillespie, 73 F.3d 357, 1995 WL 756280 (4th Cir. Dec. 21, 1995)["Administrative segregation is not an 'atypical and significant hardship' relative to



6

the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure."]; Reffritt v. Nixon, 917 F. Supp. 409, 412 (E.D.Va. 1996)[plaintiff has no protected interest in remaining in or being released into general population], aff'd, 121 F.3d 699 (4th Cir. 1997).[4]

Plaintiff also makes vague claims concerning mail and perhaps access to the courts, alleging that some of his correspondence was impeded (see ECF No. 1 at 16-18), but fails to allege any actual injury. See Bounds v. Smith, 430 U.S. 817 (1977); Lewis v. Casey, 518 U.S. 343 (1996). As such, he has not alleged that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. See Lewis v. Casey, 518 U.S. at 351–53. In asserting a claim for denial of access to the courts, "a prisoner cannot rely on conclusory allegations. Specificity is necessary...." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996)(citing White v. White, 886 F.2d 721, 723–24 (4th Cir.1989)).

Plaintiff may also be attempting to assert claims concerning his treatment/conditions of confinement during his pretrial detention at the Marion County Detention Center (prior to his May 2003 convictions). Such claims, that occurred well over three years prior to the filing of this action, are clearly barred by the applicable statute of limitations. State law concerning limitation of actions applies in claims brought under § 1983; see Wilson v. Garcia, 471 U.S. 261, 266 (1985), partially superseded by statute as stated in Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369, 377-380 (2004); and in South Carolina, the applicable statute of limitations is generally three years. See S.C.

---

[4]While the Fourth Circuit has recently held that a prisoner may set forth a viable due process claim relating to a custody status decision under some circumstances, Plaintiff has failed to set forth any facts sufficient to proceed on such a claim in this case. Cf. Incumaa v. Stirling, ____ F.3d ____, 2015 WL 4081646, at * 11 (4th Cir. July 7, 2015).



Code Ann. § 15-3-530. The Fourth Circuit has recognized that the statute of limitations may be addressed <u>sua</u> <u>sponte</u> when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, <u>see</u> <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915, <u>see</u> <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d at 953–54.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

November **20**, 2015
Charleston, South Carolina

8



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

